MATHEWS et al. v. GLOBE–STAR REALTY CO. (No. 5326.)

(Court of Civil Appeals of Texas. Austin. April 22, 1914. Rehearing Denied June 10, 1914.)

1. PRINCIPAL AND AGENT (§ 136*)—AGENT'S LIABILITY—DISCLOSURE OF AGENCY.

Where defendant M. disclosed his agency for another in listing certain lands with plaintiff for exchange, M. could not be made liable for commissions for services performed by plaintiff in inducing an exchange.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. § 136.*]

2. BROKERS (§ 58*)—EXCHANGE OF PROPERTY —RIGHT TO COMMISSIONS.

Where the owner of certain land requested M. to obtain an exchange for land in another county, and M. without authority listed the land with plaintiff, a broker, for exchange, and plaintiff obtained an oral unenforceable agreement between the owner and another which the latter subsequently refused to carry out, plaintiff could not recover commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 90; Dec. Dig. § 58.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by A. F. Collett, doing business as the Globe-Star Realty Company, against W. B. Mathews and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

W. A. Anderson and Jas. P. Dumas, both of San Angelo, for appellants. Thomas & McCarty, of San Angelo, for appellee.

JENKINS, C. J. A. F. Collett, doing business under the name of Globe-Star Realty Company, brought suit against W. B. Mathews and E. E. Lawson to recover commissions on exchange of lands, and recovered judgment therefor.

The evidence shows that Lawson resided in Milam county, and owned a tract of land in that county. He wrote to his father-in-law Mathews, to see if he could make an exchange of his lands for lands in Tom Green county. Mathews went to appellee, gave him a description of the land and the price at which it was held, telling Mathews that the land belonged to Lawson, and that he wished to exchange it for Tom Green county land. Appellee introduced Mathews to B. H. Martens, and they agreed upon an exchange of lands, provided Martens' wife was willing to the trade. Subsequently Martens report-

ed that his wife was willing to make the trade. In the first conversation with Martens, Mathews told him that there was an indebtedness against the Milam county land, but that his son-in-law had told him that a bank there would take it up. The next day after Martens reported that his wife was willing to make the trade, Mathews went to Martens' house and looked at the land, and at some personal property that he was to purchase in the trade, and told Mathews that the indebtedness on the Milam county land which fell due in a few months could not be extended; that he himself had tried to get an extension and had failed. Martens said if such was the case he did not wish to make the trade; and, in reply to a direct inquiry as to whether or not he would close the trade, said he would not.

[1, 2] Appellants requested the court to peremptorily instruct the jury to return a verdict in their favor. This charge should have been given. In the first place, appellee's petition showed that Mathews was acting as the agent for Lawson, and that he disclosed his agency at the time he listed the land with appellee. The uncontradicted evidence shows this to be a fact. Such being the case, appellee had no cause of action against Mathews. The evidence does not show that Mathews had any authority to list the land with an agent for sale, and agree to pay a commission. The evidence further shows that the alleged purchaser, Martens, refused to close the deal. The contract made with Martens was not in writing, and could not have been enforced at law. Therefore the appellee did not furnish a purchaser who was ready and willing to purchase the land.

These facts being undisputed, and the case being fully developed, the judgment of the trial court is reversed and here rendered in favor of appellants.

Reversed and rendered.